SHOWS, CALI & WALSH, L.L.P.

628 St. Louis Street (70802)
Post Office Drawer 4425
Baton Rouge, LA 70821

**JEFFREY K. CODY**

Writer's Contact Information:
jeffreyc@scwllp.com
Telephone: (225) 346-1461 ext.  229

E. WADE SHOWS
(1950 – 2017)

Main Telephone: (225) 346-1461
Fax: (225) 346-1467

February 27, 2025

Hon. Shelly D. Dick, Chief Judge
777 Florida Street, Suite 301
Baton Rouge, LA 70801

   Re:  Civil Action No. 25-169-SDD-SDJ
      U.S. District Court for the Middle District of Louisiana

Dear Chief Judge Dick:

   I write on behalf of Defendants (the State) in response to Plaintiff Hoffman's emergency motion (ECF 5) seeking expedited discovery and an expedited schedule. As the Court is aware, the State respectfully—but vehemently—protests Plaintiff Hoffman's strategic decision to place the State and the Court in this artificially compressed timeline. Plaintiff Hoffman could have filed this suit nearly a year ago, when the Legislature added nitrogen hypoxia as a method of execution. He did not. He could have filed this suit during the eight months in which his Rule 60(b)(6) motion was pending before this Court in No. 12-cv-796 and it became clear that the Court did not find immediate action warranted. He did not. He could have filed this suit 17 days ago when the Governor announced that the State's nitrogen protocol is available and when Plaintiff Hoffman's death warrant was issued. Still, he did not. Accordingly, the artificially compressed timeline in which he is demanding that this Court resolve this case is a problem of his own making.

   The State's concern in this respect is directly relevant here because Plaintiff Hoffman's proposed timeline for this litigation would culminate in a *hearing*—not even a decision from this Court—on or after March 13, *i.e.*, mere hours away from Plaintiff Hoffman's scheduled execution on March 18. It is thus clear that Plaintiff Hoffman is hoping for a last-minute stay or injunction from this Court, while leaving the Fifth Circuit and the Supreme Court no opportunity for effective appellate review while Plaintiff Hoffman's death warrant expires. With all respect, this is extraordinarily improper. The Supreme Court itself has admonished federal courts and plaintiffs for exactly this conduct. *See, e.g.*, *Barr v. Lee*, 591 U.S. 979, 981 (2020) (per curiam) ("The plaintiffs in this case have not made the showing required to justify last-minute intervention by a Federal Court. 'Last-minute stays' like that issued this morning 'should be the extreme exception, not the norm.'" (quoting *Bucklew v. Precythe*, 587 U.S. 119, 150 (2019))).

For these reasons, binding Supreme Court precedent forecloses any last-minute stay or injunction here. Nevertheless, to ensure that Plaintiff Hoffman has every opportunity to litigate this eleventh-hour lawsuit, the State proposes the following schedule, which will protect the appellate courts' ability to review any decision from this Court:

- **March 1-3:** Plaintiff and the State conduct and complete any discovery, depositions, and inspections, to be worked out among themselves. (The State can commit that it will honor all reasonable requests for discovery, to avoid imposing upon the Court.)
- **March 5:** The State's preliminary-injunction opposition brief due.
- **March 6:** Plaintiff's reply in support of the preliminary-injunction motion due. Plaintiff and the State file witness and exhibit lists for March 7, if the Court prefers a hearing.
- **March 7:** Preliminary-injunction hearing, if any.
- **March 10:** The Court's decision on Plaintiff's motion for preliminary injunction.

The State would be pleased to discuss these issues with the Court and Plaintiff at the Court's earliest convenience.

Very truly yours,

**SHOWS, CALI & WALSH, LLP**

Jeffrey K. Cody

CC: Plaintiff's counsel via ECF