# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MINUTE ENTRY:
FEBRUARY 28, 2025
CHIEF DISTRICT JUDGE SHELLY D. DICK

JESSIE HOFFMAN

VERSUS

GARY WESTCOTT, ET AL.

CIVIL ACTION

25-169-SDD-SDJ

This matter came on this day for a *Telephone Status Conference*.

PRESENT:   James Stronski, Esq.
Adam J. Singer, Esq.
Cecilia Trenticosta Kappel, Esq.
Rebecca Hudsmith, Esq.
Samantha Bosalavage Pourciau, Esq.
Counsel for Petitioner

Jeffrey K. Cody, Esq.
Brooke Ragusa Ydarraga, Esq.
Caroline Tomeny, Esq.
Zachary Faircloth, Esq.
Randal Robert, Esq.
Connell Archey, Esq.
Morgan Brungard, Esq.
Caitlin A Huettemann, Esq.
Counsel for Gary Westcott, et al.

Court and Counsel discuss status of the case.

The parties agree to waive usual time delays for responding. Defendants have stipulated to jurisdiction and venue.

The following deadlines were established:

- Both parties waive their right under Rule 26 to receive expert reports. Plaintiff's experts will provide declarations in lieu of reports. The parties shall produce declarations or Rule 26 reports to opposing counsel by 9 am on Monday, March 3, 2025;

- Defendants are granted leave to file a redacted copy of the execution protocol under seal. Defendants are further granted leave to file a memorandum in support of their position that the redacted protocol be maintained under seal. Petitioners are granted leave to file a motion to unseal for good cause shown;

- Upon filing the redacted protocol in the record under seal, Defendants shall produce a copy of the unredacted protocol to Plaintiff's counsel, for attorney's and expert witness eyes only. The Court does hereby grant Defendant's oral Motion for a Protective Order and hereby Orders that the unredacted protocol be marked confidential and subject to protective order. The unredacted protocol shall not be disclosed to any person or entity other than counsel of record and identified expert witnesses;

- Defendants expressed objection to producing the unredacted protocol to Plaintiff Hoffman. If Defendants maintain that Mr. Hoffman should not be privy to the information subject to the protective order, Defendants shall file a Motion for Protective Order by 5 p.m. on Monday, March 3, 2025, providing sufficient reasons supported by law. Defendants' failure to file a Motion for Protective by 5 p.m. Monday March 3, 2025 shall be deemed a withdrawal of their objection to providing the unredacted protocol to Mr. Hoffman;

- Hearing on the Preliminary Injunction is set for Friday, March 7, 2025, at 9:00 a.m. in Courtroom Three. The hearing will continue through the weekend, if necessary;

- Parties agreed to share costs of real time court reporter, to include daily transcripts and an expedited transcript in the event of a Notice of Appeal;

- Parties shall meet and confer regarding stipulations of facts;

- Defendants' written responses to discovery shall be completed by 5 p.m. on Saturday, March 1, 2025;

- All depositions, remote if necessary, shall be completed by 5 p.m. on Wednesday, March 5, 2025. Depositions shall be limited to 2 hours, except for 30(b)(6) depositions which shall be limited to 4 hours. If there is a dispute, parties shall contact the Court;

- Witness List shall be submitted by noon on Thursday, March 6, 2025;

- Exhibits shall be filed in JERS by noon on Thursday, March 6, 2025;

- Proposed Findings of Fact and Conclusions of Law shall be filed within 12 hours after close of evidence;

- Factual stipulations shall be filed by noon on Thursday, March 6, 2025;

- Defendants' opposition to Motion for Preliminary Injunction shall be filed by 5 pm on Tuesday, March 4, 2025;

- Plaintiff is granted leave to file a reply, if any, by 5 p.m. on Wednesday, March 5, 2025;

- Defendants' Answer to the Complaint shall be filed by 5 p.m. on Wednesday, March 4, 2025.

* * * * *

CV 38c; 1 hr.