# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JESSIE HOFFMAN** | * | **CIVIL ACTION No. 25-169-SDD-SDJ** |
| **VERSUS** | * | **CHIEF JUDGE SHELLY D. DICK** |
| **GARY WESTCOTT, ET AL.** | * | **MAG.  SCOTT D. JONSON** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

The Court should deny Plaintiff's Motion to Compel (ECF No. 40) because he is seeking information that is irrelevant to his claims or privileged—or both.

## **FACTS AND PROCEDURAL HISTORY**

In his Request for Production of Documents Number 1, Plaintiff requested that the Defendants produce "[a] complete copy of the Execution Protocol, including exhibits and appendices thereto, and all Documents and Communications relating to the drafting, creation, preparation, development, consideration, analysis, approval and adoption of the Execution Protocol." ECF No. 5-3. Defendants responded in writing that the protocol, "Department Regulation No. OP-D-8, Death Penalty," was produced on February 28, 2025, to Plaintiff's counsel pursuant to the Court's February 28, 2025 order. That order required Defendants to produce a copy of the unredacted protocol to Plaintiff's counsel, subject to a protective order that the unredacted protocol could not be disclosed to any person or entity other than counsel of record and identified expert witnesses. ECF No. 40-2 (Defendants' Response to Plaintiff's RFP No. 1). Defendants communicated to Plaintiff's counsel during a meet and confer held on March 2, 2025 (and maintain that position) that any drafts of the protocol attached to emails between Defendants and their lawyers are subject to attorney-client privilege.

1

**ARGUMENT**

Plaintiff's motion to compel the disclosure of prior versions of the protocol (that never went into effect) should be denied for at least two reasons.

*First*, prior versions of the protocol are irrelevant to his claims. Inasmuch as Plaintiff's Complaint asserts (ECF No. 1, at 32-38) that the *current* execution protocol is likely to be maladministered, any prior versions of the protocol, the changes made to the protocol, and the reasons for those changes are irrelevant. Prior versions of the protocol have no bearing on how the current protocol is likely to be administered. Prior versions would only be relevant if Plaintiff had claimed that the protocols were at one time constitutionally sound. He, however, does not make that claim. And so, the evolution of the protocol, the thought process that went into that evolution, and any factors or advice considered in that process would be wholly irrelevant to the administration of the current protocol. The claims he does raise, for their part, are all about the *current* protocol. And on those issues, the current protocol speaks for itself. Plaintiff thus has no relevant need for prior versions of the protocol.

*Second*, prior versions of the protocol are privileged. "Under federal law, attorney-client privilege protects communications made in confidence by [a] client to his or her lawyer for purpose of obtaining legal advice." *Texaco, Inc. v. La. Land & Expl. Co.*, 805 F. Supp. 385, 387 (M.D. La. 1992); *see also Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 720 (5th Cir. 1985)  That privilege also protects a lawyer's communications with their client, if they would tend to disclose the client's confidential communications. *Id.* To fall within attorney-client privilege, the communication "must have reasonably been expected and understood to be confidential." *Id.* This thereby furthers the purpose of the attorney-client privilege: "to encourage full and frank communication between attorneys and their clients and thereby promote broader

2

public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

It is often the case that "drafts of a document exchanged between an attorney and client will reflect the client's request for advice regarding how to present the facts and the attorney's advice in response." *SCF Waxler Marine LLC v. M/V ARIS T*, No. CV 16-1022, 2017 WL 2558871, at *3 (E.D. La. June 13, 2017) (citing *Ideal Electric Company v. Flowserve Corporation*, 230 F.R.D. 603, 605 (D. Nev. 2005)). "Such drafts are protected by the attorney client privilege." *Id.* (citing *Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp.*, No. CIV.A. 09-6644, 2014 WL 3385130, at *4 (E.D. La. July 10, 2014)). "When the client recites facts to his attorney in the course of obtaining legal advice, that particular recitation is shielded from discovery." *Id.* And "just because a factual statement is ultimately disclosed to the public, this does not mean that *all drafts of the factual statement* automatically lose any privilege that is attached to them." *Id.* (emphasis added).

In *Natta v. Hogan*, for example, the Tenth Circuit held that, in situations where a client gives general information to his lawyer so that the lawyer may prepare a complaint in an ordinary civil action, "[t]he fact that some of the information is thus publicly disclosed does not waive the privilege." 392 F.2d 686, 692 (10th Cir. 1968). Similarly, in *Buford v. Holladay*, the court held that "[t]he mere fact that the end product of an attorney-client relationship is a document that becomes part of the public record does not per se waive the privilege as to all communications that occurred prior to the publication of that document." 133 F.R.D. 487 (S.D. Miss. 1990).

Here, the drafts of the execution protocol are documents exchanged between an attorney and a client as part of the client's request for advice. They therefore are subject to the attorney-client privilege. The mere fact that the protocol has been produced to Plaintiff as part of this

3

litigation does not mean that all prior drafts are no longer protected by attorney-client privilege. Accordingly, that privilege remains in full force here, and prior versions of the protocol are protected.

## CONCLUSION

Defendants respectfully request that this Court deny Plaintiff's Motion to Compel.

Respectfully Submitted:

/s/ Brooke L. R. Ydarraga
Jeffrey K. Cody (La. Bar Roll No. 28536)
jeffreyc@scwllp.com
Caroline M. Tomeny (La. Bar Roll No. 34120)
caroline@scwllp.com
Brooke L. R. Ydarraga (La. Bar Roll No. 41000)
brooke@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-1467

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **March 4, 2025**, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and notice will be sent to all counsel for Plaintiffs by operation of the court's electronic filing system.

/s/ Brooke L. R. Ydarraga
BROOKE L. R. YDARRAGA