IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE HOFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>GARY WESTCOTT, Secretary, Louisiana Department of Public Safety and Corrections; DARREL VANNOY, Warden, Louisiana State Penitentiary; and JOHN DOES, unknown executioners,<br><br>    Defendants. | Case No. 3:25-cv-00169-SDD-SDJ<br><br>(Related to Case No. 3:12-cv-00796-SDD-EWD) |

**PROTECTIVE ORDER**

1.      This Protective Order between Plaintiff Jessie Hoffman and Defendants Gary Westcott, Secretary, Louisiana Department of Public Safety and Corrections, Darrel Vannoy, Warden, Louisiana State Penitentiary, and John Does, unknown executioners (collectively, "Defendants") covers the use and disclosure of confidential material of any kind produced in connection with this case by the parties to this litigation and by third parties (collectively, the "Producing Parties"). Information will not be designated as confidential for tactical reasons and nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the terms of this Protective Order.

2.      For good cause, it is therefore ORDERED as follows:

I.  **Confidential Material**

   A. **What is Confidential Material**

   3. "Confidential Material" means any information that is marked as "Confidential" by the Producing Party.

   4. Confidential Material does not include any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Protective Order. To the extent that only a portion of information in a document was in the public domain, only that portion of information—not the entire document—will be considered non-Confidential.

   5. Confidential Material also does not include information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

   6. The provisions of this Protective Order extend to all Confidential Material regardless of the manner or form that it is disclosed, including, but not limited to, documents, interrogatory responses, responses to requests for admissions, deposition transcripts and videos, deposition exhibits, testimony and any other materials produced by a party in response to or in connection with any discovery conducted in this litigation, and to any copies, notes, abstracts, summaries, analyses, demonstrative exhibits, or other documents that reflect information contained in the foregoing materials.

   B. **Designation of Confidential Material**

   7. Confidential Material must be marked as Confidential. Material that is not marked as Confidential is not Confidential unless otherwise noted in this Protective Order. The designation

of Confidential Material shall be made by plainly marking the item "CONFIDENTIAL," or where that is not possible, by marking a container, label, or tag with the legend "CONFIDENTIAL."

8. In the case of depositions or other pretrial testimony, the parties shall designate the portion of the deposition that is Confidential Material: (i) by a statement on the record by counsel for the Producing Party at the time of such disclosure; or (ii) by written notice, sent by counsel for the Producing Party to counsel of record for the parties to this Action within twenty-four (24) hours after receipt of the transcript of the deposition, providing the specific pages and line numbers that contain Confidential Material. All transcripts (including exhibits) and videos of depositions shall be treated as Confidential Material until twenty-four (24) hours after receipt of the transcripts of the deposition.

9. Whenever any Confidential Material is to be discussed or disclosed in a deposition, the Producing Party may exclude from the room any person who is not entitled to receive such information.

**C.    Covered Persons**

10. Confidential Material may be shared only with the below "Covered Persons" unless stated otherwise in this Protective Order.

11. "Covered Persons" means:

(a) Plaintiff Jessie Hoffman;

(b) Counsel of record in this case and other counsel for the parties, provided such counsel are employed at Crowell & Moring LLP or the Promise of Justice Initiative, in the case of Mr. Hoffman; or by the Louisiana Attorney General's Office, the Louisiana Department of Public Safety and

    Corrections ("DPSC"), Shows, Cali & Walsh, L.L.P., or Butler Snow L.L.P., in the case of the Defendants;

 (c) The parties' experts and investigators;

 (d) Staff persons assisting counsel of record, including, but not limited to, secretaries, photocopying personnel, clerks, and legal assistants;

 (e) The parties' actual or proposed witnesses;

 (f) The Court and court personnel, including court reporters and others involved in the recording of depositions;

 (g) Any state court in Louisiana or federal appellate court responsible for adjudicating issues related to this matter; and,

 (h) Any other person who the Producing Party agrees in writing, or who the Court directs, may have access to the Confidential Material.

12. If the Receiving Party believes it reasonably necessary to disclose material designated as Confidential to individuals other than the "Covered Persons" listed above, the Receiving Party shall notify the Producing Party. The notification shall include a copy of the Acknowledgement signed by the individual in the form attached hereto as Exhibit A. The Producing Party receiving such notification may, for good cause, object to the proposed disclosure by giving notice of such objection and the reasons therefor, in writing, to the Receiving Party. Such notice of objection shall be made by the Producing Party within twenty-four (24) hours of receipt of the notification of intent to disclose, and no disclosure shall be made before expiration of the twenty-four (24) hour objection period. It is the contemplation of this Protective Order that disclosure of Confidential Material will be sought only when legitimately called for and that the parties will employ their utmost efforts to resolve any disputes. If any objection is made and not resolved by agreement of the Parties, the Receiving Party shall, within twenty-four (24) hours after

failing to reach agreement, apply to the Court for an order that disclosure is proper. The proposed disclosure shall not take place until any objection from the Producing Party is resolved by the Court in favor of making the proposed disclosure. The Producing Party's failure to object within the time period set forth above shall be deemed consent to the proposed disclosure as set forth in the notification. The Receiving Party's failure to apply to the Court within the time period set forth above shall be deemed a waiver of the proposed disclosure.

13. Each Covered Person (with the exception of those specified in paragraph 11(b), (d), (f), and (g) above) who is permitted to see Confidential Material, or to whom the Confidential Material is otherwise divulged, must certify that he or she agrees to be bound by the provisions of this Protective Order and must sign a copy of the acknowledgment attached as Exhibit A to this Protective Order. All signed acknowledgments must be maintained in the files of counsel who disclosed the Confidential Material, and counsel must produce copies of these signed acknowledgments to the Court upon the entry of a written or verbal order.

14. Nothing in this Protective Order shall prevent the Producing Party from disclosing Confidential Material to any employee or officer of the Producing Party.

## II. Highly Confidential – Attorneys' Eyes Only Material

### A. What is Highly Confidential – Attorneys' Eyes Only Material

15. "Highly Confidential – Attorneys' Eyes Only Material" means any information designated by the Producing Party as "Highly Confidential – Attorneys' Eyes Only" (hereinafter Highly Confidential). A party may designate documents and information involving highly sensitive prison security and safety issues as Highly Confidential, including: (1) information that identifies or discusses DPSC's security procedures with respect to death row inmates, such as duty post logs, prison scheduling and movement around facilities (both inside and outside), or pre-

execution schedules; and (2) information that identifies DPSC personnel, officers, employees, contract persons, or vendors who are current or former members of the execution team or involved in the administration of the execution at the Louisiana State Penitentiary, in Angola, Louisiana; (3) information that identifies, or could reasonably lead to the identification of any persons or businesses that deliver, dispense, distribute, supply, manufacture, or compound the drugs, equivalent drug products, pharmacy generated drugs, device drugs, medical supplies, medical equipment, or other supplies or materials intended for use by DPSC in the administration of an execution.

16. In addition, the following materials and information are and shall be deemed Highly Confidential regardless of whether so designated by the Producing Party:

(a) DPSC's unredacted execution protocol now in effect;

(b) The legal names or employee numbers of DPSC personnel, officers, employees, contract persons, or vendors who are or were members of the execution team or involved in the administration of the execution at the Louisiana State Penitentiary, in Angola, Louisiana.

(c) Information that identifies or could reasonably lead to the identification of any persons or businesses that deliver, dispense, distribute, supply, manufacture, or compound the drugs, equivalent drug products, pharmacy generated drugs, device drugs, medical supplies, medical equipment, or other supplies or materials intended for use by DPSC in the administration of an execution.

### B. Designation of Highly Confidential Material

17. Highly Confidential Material must be marked Highly Confidential. Material that is not marked as Highly Confidential is not Highly Confidential unless otherwise noted in this Protective Order. The designation of Highly Confidential Material shall be made by plainly marking the item "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or where that is not possible, by marking a container, label, or tag with the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18. In the case of depositions or other pretrial testimony, the parties shall designate the portion of the deposition that is Highly Confidential Material: (i) by a statement on the record by counsel for the Producing Party at the time of such disclosure; or (ii) by written notice, sent by counsel for the Producing Party to counsel of record for the parties to this Action within twenty-four (24) hours days after receipt of the transcript of the deposition, providing the specific pages and line numbers that contain Highly Confidential Material. All transcripts (including exhibits) and videos of depositions shall be treated as Highly Confidential Material until twenty-four (24) hours after receipt of the transcripts of the deposition.

19. Whenever any Highly Confidential Material is to be discussed or disclosed in a deposition, the Producing Party may exclude from the room any person who is not entitled to receive such information.

### C. Covered Persons

20. Material designated as Highly Confidential may be shared only with the below "Covered Persons" unless stated otherwise in this Protective Order.

  (a) Counsel of record in this case;

  (b) The parties' experts and investigators;

    (c)    The Court and court personnel, including court reporters and others involved in the recording of depositions;

    (d)    Any state court in Louisiana or federal appellate court responsible for adjudicating issues related to this matter; and,

    (e)    Any other person who the Producing Party agrees in writing, or who the Court directs, may have access to the Confidential Material.

21.    If the Receiving Party believes it reasonably necessary to disclose material designated as Highly Confidential to individuals other than the "Covered Persons" listed above, the Receiving Party shall notify the Producing Party. The notification shall include a copy of the Acknowledgement signed by the individual in the form attached hereto as Exhibit A. The Producing Party receiving such notification may, for good cause, object to the proposed disclosure by giving notice of such objection and the reasons therefor, in writing, to the Receiving Party. Such notice of objection shall be made by the Producing Party within twenty-four (24) hours of receipt of the notification of intent to disclose, and no disclosure shall be made before expiration of the twenty-four (24) hour objection period. It is the contemplation of this Protective Order that disclosure of Highly Confidential Material will be sought only when legitimately called for and that the parties will employ their utmost efforts to resolve any disputes. If any objection is made and not resolved by agreement of the Parties, the Receiving Party shall, within twenty-four (24) hours after failing to reach agreement, apply to the Court for an order that disclosure is proper. The proposed disclosure shall not take place until any objection from the Producing Party is resolved by the Court in favor of making the proposed disclosure. The Producing Party's failure to object within the time period set forth above shall be deemed consent to the proposed disclosure as set forth in the notification. The Receiving Party's failure to apply to the Court within the time period set forth above shall be deemed a waiver of the proposed disclosure.

22. Each Covered Person (with the exception of those specified in paragraph 20(a), (b), (c), and (d), above) who is permitted to see Highly Confidential Material, or to whom the Highly Confidential is otherwise divulged, must certify that he or she agrees to be bound by the provisions of this Protective Order and must sign a copy of the acknowledgment attached as Exhibit A to this Protective Order. All signed acknowledgments must be maintained in the files of counsel who disclosed the Highly Confidential Material, and counsel must produce copies of these signed acknowledgments to the Court upon the entry of a written or verbal order.

23. The only Highly Confidential Material that Plaintiff Jessie Hoffman is permitted to see is DPSC's unredacted protocol now in effect, provided that (a) Mr. Hoffman's counsel must be present when Mr. Hoffman sees the unredacted protocol, and (b) Mr. Hoffman is not permitted to take or maintain any notes relating to the unredacted protocol. Notwithstanding the foregoing, if the Receiving Party believes it reasonably necessary to disclose other Highly Confidential Information to Mr. Hoffman, the Receiving Party is bound by the procedure provided by paragraph 21 above. For the avoidance of doubt, Mr. Hoffman believes he is entitled to and should see the Highly Confidential Material, but has agreed to the foregoing in order to move forward under serious time constraints; nothing herein is intended as nor shall it be deemed an admission by Mr. Hoffman that he is not entitled to see Highly Confidential Material or that it is not reasonable, necessary and appropriate for him to do so.

### III.    Inadvertent Failure to Designate

24. If information or material, whether in written or oral form, has been provided without any designation of confidentiality, such information may be designated as Confidential Material or Highly Confidential Material within twenty-four (24) hours of discovery by the Producing Party that such information should have been so designated. Upon receipt of notice, that

information or material shall be treated as Confidential Material or Highly Confidential Material by all parties as though such information had been designated when originally provided.

25. If, before receiving notice, such information or material has already been disclosed to individuals who otherwise would not have been entitled to have access to Confidential Material or Highly Confidential Material, the Receiving Party shall notify the Producing Party immediately.

26. In addition, the Receiving Party shall comply with all the procedures applicable to the inadvertent disclosure of Confidential Material or Highly Confidential Material, as discussed in Section VII of this Protective Order.

### IV. Revision of Previous Designation

27. If the Producing Party decides to designate previously provided information or material as Confidential or Highly Confidential or decides to delete the designation on an item previously produced, the Producing Party shall provide the parties substitute copies of such documents bearing the desired designation within twenty-four (24) hours of redesignation. The parties to whom the substitute copies of such documents are produced shall substitute the later-produced documents for the previously produced documents and shall destroy or return to the Producing Party the previously produced documents in their possession and all copies thereof.

### V. Objecting to the Designation of Confidential Information and Highly Confidential Information

28. If any party believes that a document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not warrant such a designation, the Challenging Party shall raise the matter with the Producing Party as soon as practicable. The Producing Party receiving such objection shall respond with the reasons justifying the designation, in writing, to the Receiving Party. Such response shall be made within twenty-four (24) hours of receipt of the objection to the designation. Before expiration of the twenty-four (24) hour response

period, the materials at issue in the dispute shall be treated as Confidential or Highly Confidential and subject to the conditions set forth in this Protective Order. It is the contemplation of this Protective Order that a document will be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only when legitimately called for and that the parties will employ their utmost efforts to resolve any disputes.

29. If any objection is made and not resolved by agreement of the parties, the Challenging Party shall, within twenty-four (24) hours after failing to reach agreement, apply to the Court for an order that the designation is improper. The Producing Party shall have the burden of persuasion in any such challenge. Until the Court resolves the dispute, the materials at issue in the dispute shall be treated as Confidential or Highly Confidential and subject to the applicable conditions set forth in this Protective Order. The Producing Party's failure to respond to an objection within the time period set forth above shall be deemed consent to remove the designation Confidential or Highly Confidential from the disputed material. The Challenging Party's failure to apply to the Court within the time period set forth above shall be deemed consent to the designation of the disputed material as Confidential or Highly Confidential.

## VI. Use of Confidential or Highly Confidential Material

30. Confidential Material and Highly Confidential Material may be used solely in connection with this Action. The identity, content, and/or any summary of Confidential and Highly Confidential Material shall be maintained in strict confidence by the Receiving Party. Neither Confidential Material nor Highly Confidential Material may be disclosed to any persons or entities other than those specified as a Covered Person.

**VII.    Inadvertent Disclosure of Confidential or Highly Confidential Material**

31.    Should any person inadvertently disclose Confidential or Highly Confidential Material to any person, entity, or court other than Covered Persons, counsel for the party responsible for the inadvertent disclosure shall immediately: (i) notify the Producing Party of the disclosure; (ii) provide in the notification of the Producing Party the identity and current contact information (including full name, address, telephone number(s), and email address) of all persons or entities who inadvertently received the Confidential or Highly Confidential Material; (iii) advise all persons or entities who inadvertently received the Confidential or Highly Confidential Material that such information and its use are governed by this Protective Order; (iv) take reasonable steps to ensure the return or permanent destruction of the Confidential or Highly Confidential Material and all copies thereof; and (v) inform counsel for the Producing Party of the steps that have been taken to insure the return or permanent destruction of the Confidential or Highly Confidential Material.

32.    Nothing in this paragraph shall prohibit the Producing Party from taking any further action it deems necessary to protect the secrecy of the Confidential or Highly Confidential Material, or from seeking redress for the disclosure thereof.

**VIII.    Subpoena Seeking Confidential Material**

33.    If any person receiving Confidential or Highly Confidential Material covered by this Protective Order is subpoenaed in an action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential or Highly Confidential Material discussed in this Protective Order, the person receiving the subpoena or document demand shall provide written and email notice to the Producing Party within seven (7) days and shall, to the extent permitted by law, withhold production of the subpoenaed Confidential or Highly Confidential Material.

34. Before a Receiving Party produces or otherwise reveals the identity, content, and/or summary of any Confidential or Highly Confidential Material pursuant to law or court order, the Receiving Party shall provide the Producing Party with as much notice as possible and at least fifteen (15) days' notice, unless otherwise impracticable due to deadlines imposed in the subpoena or document demand, so that the Producing Party may seek further protection from, and an opportunity to be heard by, a court. In no event shall the Receiving Party produce, disclose, or otherwise reveal any Confidential or Highly Confidential Material without making a good faith attempt to provide notice to the Providing Party. In the event the Producing Party seeks such protection, and waiting to produce the Confidential or Highly Confidential Material would not violate a pending subpoena or similar court order, the Receiving Party shall not disclose, produce, or otherwise reveal the identity, content, and/or summary of any Confidential or Highly Confidential Material unless and until further ordered by the Court.

IX.     **Filing Confidential or Highly Confidential Material With The Court**

35. When a filing in this action contains information that is not Confidential or Highly Confidential Material and information that is Confidential or Highly Confidential Material, such filing shall be filed publicly, and the Confidential or Highly Confidential Material shall be redacted. Filings that contain redacted information should plainly state, in bold type, on the first page of the document, "**Public Version; Redacted Copy**." Any Confidential or Highly Confidential Material filed with the Court shall be filed under seal consistent with the Court's rules and procedures. Documents filed under seal shall plainly state, in bold type, on the first page of the document "**Confidential—Filed Under Seal**." Documents filed under seal must be promptly emailed to counsel of record in this Action following the filing. To the extent the Court directs, the parties may also email the Court documents filed under seal. The parties shall also follow in

an expeditious manner any additional procedures imposed by the Court to file documents under seal.

## X.     Return of Documents

36.     Within sixty (60) days of the termination of this Action and all appeals of this Action, any Confidential or Highly Confidential Material provided by any Producing Party, as well as all copies, extracts, and summaries thereof, shall be either: (i) returned to the Producing Party or (ii) permanently destroyed, in which case the Receiving Party must provide to the Producing Party certification of this permanent destruction. Notwithstanding the foregoing, counsel may retain copies of court filing, deposition transcript, and/or attorney work product that references Confidential or Highly Confidential Material. Such documents shall be retained and treated in accordance with the terms of this Protective Order.

## XI.    No Admission or Waiver

37.     A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular document or information is or is not: (a) confidential; (b) privileged; (c) relevant; (d) material to any matter at issue; (e) authentic; or (f) admissible in evidence at trial or any hearing.

## XII.   Full Force and Effect

38.     The terms of this Protective Order shall survive and remain in full force and effect through the course of, and after the final termination of, this Action. This Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of Confidential Material or Highly Confidential Material that is disclosed hereunder.

-15-

IT IS SO ORDERED.

Baton Rouge, Louisiana, this __4th__ day of __March_____, 2025

                                                  *Shelly D. Dick*
                                      _____
                                      **Honorable Chief Judge Shelly D. Dick**
                                      **Middle District of Louisiana**

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE HOFFMAN,<br><br>                Plaintiff,<br><br>      v.<br><br>GARY WESTCOTT, Secretary, Louisiana Department of Public Safety and Corrections; DARREL VANNOY, Warden, Louisiana State Penitentiary; and JOHN DOES, unknown executioners,<br><br>                Defendants. | Case No. 3:25-cv-00169-SDD-SDJ<br><br>(Related to Case No. 3:12-cv-00796-SDD-EWD) |

## ACKNOWLEDGEMENT

    I, _____, hereby certify my understanding that Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material is being provided to me pursuant to the terms and restrictions of the Protective Order entered in the above-styled action. I have read and understand the Protective Order, and I agree to be bound by the terms of the Protective Order. I understand that my failure to abide by the Protective Order can result in serious sanctions against me.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, 20\_\_\_\_\_.

_____
(signature)

_____
(print full name)